KRISTIN A. LINSLEY, SBN 154148
  klinsley@gibsondunn.com
WESLEY SZE, SBN 306715
  wsze@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:     415.393.8200

JACOB T. SPENCER (*pro hac vice*)
  jspencer@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036
Telephone:     202.955.8500

*Attorneys for Defendant
Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ETHAN ZUCKERMAN,<br><br>        Plaintiff,<br><br>   v.<br><br>META PLATFORMS, INC.,<br><br>        Defendant. | Case No. 3:24-CV-02596-JSC<br><br>**REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION OF DEFENDANT META PLATFORMS, INC. TO DISMISS AMENDED COMPLAINT**<br><br>**Hearing:**<br>Date:          October 10, 2024<br>Time:         10:00 a.m.<br>Courtroom:  8, 19th Floor<br>Judge:        Hon. Jacqueline Scott Corley |

Gibson, Dunn & Crutcher LLP

REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF
MOTION OF DEFENDANT META PLATFORMS, INC. TO DISMISS AMENDED COMPLAINT
CASE NO. 3:24-CV-02596-JSC

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201(b), Defendant Meta Platforms, Inc. respectfully requests that the Court take judicial notice of Exhibits 1 to 6 to the Declaration of Jacob T. Spencer in support of its concurrently filed Motion to Dismiss the Amended Complaint.

## DISCUSSION

When ruling on a motion to dismiss, courts may consider documents incorporated by reference and matters subject to judicial notice without converting the motion into one for summary judgment. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Documents incorporated by reference include those that a complaint refers "'extensively to'" or that "'for[m] the basis of the plaintiff's claim,'" *id.* at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)), as well as documents that the complaint "necessarily relies" on, the authenticity and relevance of which are uncontested, *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). A court may take judicial notice of matters that fall into any of three categories: (1) matters that are generally known within the trial court's territorial jurisdiction, (2) matters that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, and (3) matters that are not subject to reasonable dispute. *See* Fed. R. Evid. 201(b).[1]

Here, the Court should take judicial notice of two sets of documents: (I) Meta's Terms of Service (Exhibit 1); and (II) news articles and blog posts reflecting Plaintiff's statements about this declaratory judgment action (Exhibits 2 to 6).

### I.  Meta's Terms of Service (Exhibit 1)

Meta requests that the Court consider Meta's current Terms of Service because the Terms are incorporated by reference into the Amended Complaint. A document is incorporated by reference where it "forms the basis of the plaintiff's claim" or where the plaintiff's claims "necessarily depend

---

[1] These two exceptions apply not only to motions to dismiss under Rule 12(b)(6) (as in *Khoja*), but also to motions brought under Rule 12(b)(1). *See Poorsina v. Xiaosong Zhang*, 2021 WL 1222520, at *5 (N.D. Cal. Mar. 31, 2021) (when attacking subject matter jurisdiction under Rule 12(b)(1), "[a] court may . . . consider . . . documents attached to the complaint [and] documents incorporated by reference in the complaint . . . without converting the motion to dismiss into a motion for summary judgment" (citing *Ritchie*, 342 F.3d at 907–08) (cleaned up)).

Gibson, Dunn & Crutcher LLP

1
REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF
MOTION OF DEFENDANT META PLATFORMS, INC. TO DISMISS AMENDED COMPLAINT
CASE NO. 3:24-CV-02596-JSC

on" the document.  *Khoja*, 899 F.3d at 1002.

Here, Count II of the Amended Complaint seeks a declaration regarding whether Unfollow Everything 2.0 would violate Meta's Terms, Am. Compl. at p. 32 ¶¶ 6–7, which Plaintiff refers to as "the subject of this suit," *id.* ¶ 10.  Count III further seeks a declaration that Meta's Terms are void for public policy to the extent that they would prohibit operation of Unfollow Everything 2.0.  *Id.* at 33–34.  Because Meta's Terms form the basis of Plaintiff's breach of contract and public policy claims, they are incorporated by reference into the Amended Complaint and should be considered in ruling on Meta's motion to dismiss—as many other courts in this District have done in similar circumstances.  *See, e.g.*, *Bass v. Facebook, Inc.*, 394 F. Supp. 3d 1024, 1037 n.1 (N.D. Cal. 2019) (incorporating by reference Facebook's Terms of Service where the "complaint relied on the Terms of Service at length to allege its breach of contract claims and statutory claims"); *Lloyd v. Facebook, Inc.*, 2022 WL 4913347, at *4 (N.D. Cal. Oct. 3, 2022) (same); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 813–14 (N.D. Cal. 2020) (same).

The Terms (which are posted online) are also subject to judicial notice because they are "not subject to reasonable dispute" and their "accuracy cannot reasonably be questioned." *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)(1)–(2)).  Because the contractual terms "are publicly available, standard documents that are capable of ready and accurate determination," *Opperman v. Path*, 84 F. Supp. 3d 962, 976 (N.D. Cal. 2015), courts routinely find that "[p]ublic terms of service and privacy policies are proper subjects of judicial notice," which is another basis to consider the Terms in ruling on Meta's motion to dismiss, *In re Zoom Video Commc'ns Inc. Priv. Litig.*, 525 F. Supp. 3d 1017, 1026 n.2 (N.D. Cal. Mar. 11, 2021) (judicially noticing online terms of service).

## II.  <u>Plaintiff's Statements About This Lawsuit (Exhibits 2 to 6)</u>

Meta also requests that the Court consider publicly available online news articles and blog posts containing statements by Plaintiff about his declaratory judgment action, which are relevant to this Court's consideration of Meta's request for dismissal pursuant to Rule 12(b)(1):

- **Ex. 2:** Blog post titled "*Zuckerman v. Meta Platforms*" as published or made publicly available on the Ethan Zuckerman blog on May 2, 2024, and available at https://ethanzuckerman.com/2024/05/02/zuckerman-vs-meta-platforms/.

Gibson, Dunn & Crutcher LLP

2
REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION OF DEFENDANT META PLATFORMS, INC. TO DISMISS AMENDED COMPLAINT
CASE NO. 3:24-CV-02596-JSC

- **Ex. 3:** News article titled "I Love Facebook. That's Why I'm Suing Meta." by Ethan Zuckerman as published or made publicly available on The New York Times website on May 5, 2024 and available at https://www.nytimes.com/2024/05/05/opinion/facebook-court-internet-meta.html.

- **Ex. 4:** News article titled "Professor sues Meta to allow release of feed-killing tool for Facebook" by Ashley Belanger as published or made publicly available on the Ars Technica website on May 9, 2024 and available at https://arstechnica.com/tech-policy/2024/05/professor-sues-meta-to-allow-release-of-feed-killing-tool-for-facebook/.

- **Ex. 5:** News article titled "A professor is suing Facebook over its recommendation algorithms" by Mathew Ingram as published or made publicly available on the Columbia Journalism Review website on May 16, 2024 and available at https://www.cjr.org/the_media_today/meta-facebook-lawsuit-algorithms-ethan-zuckerman.php.

- **Ex. 6**: News article titled "Why I'm suing Facebook in US federal court" by Ethan Zuckerman as published or made publicly available on the Prospect Magazine website on May 7, 2024 and available at https://www.prospectmagazine.co.uk/ideas/technology/66018/why-im-suing-facebook-in-us-federal-court.

"Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *see also Diaz v. Intuit, Inc.*, 2018 WL 2215790, at *3 (N.D. Cal. May 15, 2018) ("Publically accessible websites and news articles are proper subjects of judicial notice."); *Tarantino v. Gawker Media, LLC*, 2014 WL 2434647, at *1 n.1 (C.D. Cal. Apr. 22, 2014) ("Courts have found website and newspaper articles to be proper subject for judicial notice when those materials . . . concern facts at issue in the complaint."). The Court may take judicial notice of the fact of Plaintiff's public statements concerning his intent in filing this suit and the immediacy of the harms he alleges. *See In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d at 813 (taking judicial notice of blog posts "for the fact that Google made the statements it contains").

Judicial notice is proper where the "publications meet the standards for admissibility," *Von Saher*, 592 F.3d at 960, *i.e.*, that the articles and blog posts are "not subject to reasonable dispute" because they are either "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b)(1)–(2). Exhibit 2 is a blog post that Plaintiff published on his own blog, and Exhibits 3 to 6 are news articles on major media outlets. These are "publicly available documents, available on publicly accessible websites, they are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned," and they are thus properly subject to judicial notice. *In re Facebook, Inc. Sec. Litig.*, 477

Gibson, Dunn & Crutcher LLP

3

REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF
MOTION OF DEFENDANT META PLATFORMS, INC. TO DISMISS AMENDED COMPLAINT
CASE NO. 3:24-CV-02596-JSC

F. Supp. 3d 980, 1009 (N.D. Cal. 2020), *aff'd in part, rev'd in part and remanded*, 87 F.4th 934 (9th Cir. 2023) (taking judicial notice of news articles); *see also Ho v. Marathon Patent Grp., Inc.*, 2022 WL 1600048, at *7 (C.D. Cal. Feb. 11, 2022) (taking judicial notice of news articles that contained sufficient indicia of authenticity, including "distinctive website designs, publication dates, page numbers, and web addresses").

## CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court consider Exhibits 1 to 6 of the concurrently filed Declaration of Jacob T. Spencer in its adjudication of Meta's Motion to Dismiss.

Dated: July 15, 2024                                             GIBSON, DUNN & CRUTCHER LLP

By: */s/ Kristin A. Linsley*
Kristin A. Linsley

*Attorneys for Defendant Meta Platforms, Inc.*