| | |
|---|---|
| SOPHIA COPE (SBN 233428) | NICOLE A. OZER (SBN 228643) |
| sophia@eff.org | nozer@aclunc.org |
| AARON MACKEY (SBN 286647) | JACOB SNOW (SBN 270988) |
| amackey@eff.org | jsnow@aclunc.org |
| DAVID GREENE (SBN 160107) | AMERICAN CIVIL LIBERTIES |
| davidg@eff.org | UNION FOUNDATION OF |
| ELECTRONIC FRONTIER FOUNDATION | NORTHERN CALIFORNIA |
| 815 Eddy Street | 39 Drumm Street |
| San Francisco, CA 94109 | San Francisco, CA 94111 |
| Telephone: (415) 436-9333 | Telephone: (415) 621-2493 |

SAMIR JAIN (SBN 181572)
sjain@cdt.org
CENTER FOR DEMOCRACY & TECHNOLOGY
1401 K Street, NW
Washington, DC 20005
Telephone: (202) 407-8843

*Counsel for Amici Curiae Electronic Frontier Foundation, American Civil Liberties Union of Northern California, and Center for Democracy & Technology*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ETHAN ZUCKERMAN, <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> Defendant. | Case No. 3:24-cv-02596-JSC <br><br> **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF BY ELECTRONIC FRONTIER FOUNDATION, AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA, AND CENTER FOR DEMOCRACY & TECHNOLOGY** <br><br> Date: October 10, 2024 <br> Time: 10:00 a.m. <br> Judge: Hon. Jacqueline Scott Corley |

PLEASE TAKE NOTICE that at **10:00 a.m. on October 10, 2024**, the Electronic Frontier Foundation, American Civil Liberties Union of Northern California, and Center for Democracy & Technology (collectively "*Amici*") will move for leave to file a brief as *amici curiae* during the Court's consideration of Defendant Meta's Motion to Dismiss the Amended Complaint filed by Plaintiff Ethan Zuckerman.

*Amici* respectfully move for leave to file a brief as *amici curiae* in the above captioned matter. The proposed brief is attached hereto as an exhibit to the motion. Before filing, counsel for *Amici* conferred with both counsel for both parties. Parties do not object to the filing of this motion. For the reasons that follow, the motion should be granted.

### I.     Identity and Interests of *Amici Curiae*

*Amici* are three nationally prominent non-profit organizations focused on civil liberties and technology. They are all experts in intermediary liability and Section 230 (47 U.S.C. § 230) and have filed numerous briefs in federal and state courts across the country on these issues, including in the U.S. Supreme Court in *Gonzalez v. Google LLC*, 598 U.S. 617 (2023).[1]

The Electronic Frontier Foundation (EFF) is a member-supported, nonprofit civil liberties organization based in San Francisco that works to protect free expression, privacy, and innovation in the digital world. Founded in 1990, EFF has more than 30,000 dues-paying members worldwide. EFF regularly participates in a broad range of intermediary liability cases because they often raise novel issues surrounding free expression and the rights of internet users. In particular, EFF opposes efforts to weaken Section 230 because doing so jeopardizes internet users' free speech.[2]

The American Civil Liberties Union of Northern California is the Northern California

---

[1] All three *amicus* briefs are available at https://www.supremecourt.gov/search.aspx?filename=/docket/DocketFiles/html/Public/21-1333.html.

[2] EFF notes that Plaintiff in the instant case, Ethan Zuckerman, is on EFF's Advisory Board. Advisory Board members are available to provide advice to EFF upon request, but have no role in EFF's governance or day-to-day operations. Advisory Board members do not have any decision-making authority over EFF's work including what legal positions to take, and whether to file *amicus* briefs or otherwise engage in litigation. Plaintiff played no role in the authorship of this brief. *See* EFF, *Advisory Board*, https://www.eff.org/about/advisoryboard#main-content.

affiliate of the American Civil Liberties Union (ACLU), a nationwide, nonprofit, nonpartisan organization dedicated to defending the principles embodied in the federal Constitution and our nation's civil rights laws. The ACLU and its affiliates share a longstanding commitment to digital rights. The ACLU of Northern California has a Technology and Civil Liberties Program, founded in 2004, which works specifically on legal and policy issues at the intersection of new technology and privacy, free speech, and other civil liberties and civil rights. Since its founding in 1920, the ACLU has frequently appeared before the U.S. Supreme Court, this Court, and other federal courts in cases related to free speech and freedom of association, including exercise of those rights online.

The Center for Democracy & Technology (CDT) is a nonprofit public interest organization. For over 25 years, CDT has represented the public's interest in an open, decentralized internet and worked to ensure that the constitutional and democratic values of free expression and privacy are protected in the digital age. CDT regularly advocates before legislatures, regulatory agencies, and courts in support of free expression on the internet, including limits on governmental authority to compel or silence speech, and in support of privacy protections for online users.

## II. Amici's Brief Will Assist the Court's Review of Plaintiff's Request for a Declaration of Immunity Under Section 230(c)(2)(B)

The *amici curiae* brief will assist this Court's review of Plaintiff's request that his Unfollow Everything 2.0 tool be immune from suit. The brief provides textual analysis and historical and modern context regarding the third immunity within Section 230 (47 U.S.C. § 230)—Section 230(c)(2)(B)—which is lesser known and has been litigated far less frequently than the immunities found in Section 230(c)(1) and Section 230(c)(2)(A), but is no less important. "The district court has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds as recognized in Doe v. Kelly*, 878 F.3d 710, 720 (9th Cir. 2017). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (internal citations and quotations omitted).

*Amici* are nonprofit organizations that represent the interests of internet users and so have an interest in ensuring the broad application of Section 230(c)(2)(B) immunity to developers of user-empowerment tools that enable people to better control their online experiences. The *amicus* brief discusses the text of Section 230 itself and its legislative history, which together reflect a clear intent by Congress to provide immunity for developers of third-party blocking and filtering tools like Plaintiff's Unfollow Everything 2.0.

The brief also explains that Section 230(c)(2)(B), by incentivizing the tools that enable delegability, helps make the internet better for both the people who use the internet and the companies that provide the communications platforms—people are able to craft the online experiences that align with their preferences and companies often improve their services consistent with those preferences.

The brief also explains that Section 230(c)(2)(B) advances privacy and free speech rights online by incentivizing the development of data-protecting tools and incentivizing third-party user-empowerment tools generally, which Congress and the courts have considered to be the preferred alternative to unconstitutional speech regulation.

The brief further highlights the wide variety of technologies currently on the market that, like Unfollow Everything 2.0, help internet users manage the various ways they interact online, from seeing the content they want, to protecting themselves from malicious actors.

Finally, the brief analyzes the textual basis for granting Unfollow Everything 2.0 immunity under Section 230(c)(2)(B) from potential civil suit by Meta, including arguing that Section 230(c)(2)(B) cannot be read to exclude contract claims, especially those based on a company's Terms of Service, from the scope of the immunity—doing so would subvert congressional intent and be contrary to Ninth Circuit precedent.

*Amici* respectfully request that this Court grant their motion for leave to file the attached *amicus* brief.

| | |
|---|---|
| Dated: September 5, 2024 | Respectfully submitted, |
| | By:  /s/ *Sophia Cope* |
| | Sophia Cope (SBN 233428)<br>ELECTRONIC FRONTIER FOUNDATION<br>815 Eddy Street<br>San Francisco, CA 94109<br>Telephone: (415) 436-9333<br>Email: sophia@eff.org |
| | *Counsel for Amici Curiae*<br>*Electronic Frontier Foundation,*<br>*American Civil Liberties Union of*<br>*Northern California, and Center for*<br>*Democracy & Technology* |